UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEG PRESENTS, et al, | No. 25-cv-18983-WJM-MAH |
| Plaintiffs, | **OPINION AND ORDER** |
| v. | |
| AG PRODUCTION SERVICES, et al, | |
| Defendants. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

Before the Court is Defendant AG Production Services, Inc. ("AGPS") and Andrew Gumper's (collectively, "Defendants") Motion to Dismiss Defendant Andrew Gumper pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 10 ("Motion"). The Motion is fully briefed, and the Court decides the Motion without oral argument. Fed. R. Civ. P. 78(b). After careful consideration, for the reasons stated below, the Motion is **GRANTED**, and Gumper is **DISMISSED WITHOUT PREJUDICE**.

## I.    BACKGROUND

Plaintiffs are DEG Presents, a New York-based business, and its CEO, Edward Dean, a New Jersey resident. ECF No. 1, at 10-16 ("Complaint"), ¶¶ 1-2. Plaintiffs entered into a contract with Defendant AGPS, a Nevada-based corporation, to pay a $200,000 deposit for AGPS's "Structure and Production Package" for an October 29, 2022 event at Flushing Meadows, Queens, New York. *Id.* ¶¶ 3, 5-6; ECF No. 11-1 ("Contract"). Defendant Andrew Gumper, a Nevada resident and CEO of AGPS, is listed on the Contract as a "Sales Person." *Id.*; Compl. ¶ 4. According to the Complaint, although Plaintiffs paid the deposit, Defendants failed to perform and to return the deposit. *Id.* ¶¶ 8-9.

On October 23, 2025, Plaintiffs filed suit in Bergen County Superior Court. ECF No. 1 at 4. The Complaint alleges three state-law claims against all Defendants: (1) breach of contract; (2) book account; and (3) unjust enrichment. Compl. ¶¶ 10-25. Defendants timely removed this case after being served on November 25, 2025. ECF No. 1 at 2. Shortly thereafter, Defendants filed this Motion.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint in part if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a 12(b)(6) motion, courts must

1

"accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable" to the plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Although courts "may not consider matters extraneous to the pleadings," courts can consider a "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). The factual allegations must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court "may disregard any legal conclusions." *Bruni v. City of Pittsburgh*, 824 F.3d 353, 360 (3d Cir. 2016). The Court has jurisdiction under 28 U.S.C. § 1332(a)(1).

## III. DISCUSSION

As explained below, Plaintiffs have failed to plausibly allege that Mr. Gumper is a party to the Contract. As a threshold matter, the parties rely on New Jersey law, which the Court applies to this contract-based dispute. *See Farris Eng'g Corp. v. Serv. Bureau Corp.*, 406 F.2d 519, 520 (3d Cir. 1969) (per curiam) (recognizing that New Jersey federal courts sitting in diversity apply the choice of law rules of New Jersey, which refer to the place of contracting); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 316 (3d Cir. 2014) (holding that parties may waive choice-of-law issues). Under New Jersey contract law, contract-based claims may only proceed against parties to the contract. *See FDIC v. Bathgate*, 27 F.3d 850, 876 (3d Cir. 1994) (recognizing the paucity of New Jersey case law supporting liability of non-parties for contract-based claims); *D.R. Horton Inc. - New Jersey v. Dynastar Dev., L.L.C.*, No. MER-L-1808-00, 2005 WL 1939778, at *17 (N.J. Super. Ct. Law Div. Aug. 10, 2005) ("It should be a non-controversial principle that nonparties to contracts cannot be held responsible for a breach."); *Darush L.L.C. v. Macy's Inc.*, No. 12-cv-02167, 2012 WL 2576358, at *2 (D.N.J. July 3, 2012) (holding that book account claims have the same elements as breach of contract claims). Additionally, unjust enrichment claims require a direct relationship between plaintiff and the specific defendant. *See Katz v. Ambit Ne., LLC*, No. 20-cv-01289, 2023 WL 2570147, at *4 (D.N.J. Mar. 20, 2023) (dismissing an unjust enrichment claim where the business relationship depended exclusively on dealings between the plaintiff and a third party); *Callano v. Oakwood Park Homes Corp.*, 91 N.J. Super. 105, 109-10, 219 A.2d 332, 335 (App. Div. 1966) (rejecting an unjust enrichment claim where the proper remedy was against the party to the contract).

Accepting all well-pleaded facts as true in the light most favorable to Plaintiffs, the Complaint does not plausibly allege that Mr. Gumper is a party to the Contract, a necessary component of both his breach of contract and book account claims. *See Powell v. Subaru of Am., Inc.*, 502 F. Supp. 3d 856, 882 (D.N.J. 2020) (recognizing "the fundamental, settled tenet of contract law that non-parties to a contract cannot be held liable for a breach of that agreement" (citation modified)); *Resurge, LLC v. L'Or De Seraphine, LLC*, No. 23-cv-21138, 2024 WL 580154, at *3 (D.N.J. Feb. 13, 2024) (dismissing a book account claim for the same reasons as the breach of contract claim). The Contract lists Mr. Gumper only as the "Sales Person," AGPS letterhead appears at the top of the Contract, and Mr. Gumper's signature is nowhere on the Contract—all objective, unambiguous indicia that Mr. Gumper is not a party. *See Manahawkin Convalescent v. O'Neill*, 217 N.J. 99, 118,

85 A.3d 947, 958-59 (2014) (recognizing that "the language alone must determine the agreement's force and effect" when a contract's language is plain and unambiguous). Merely listing Mr. Gumper as a "Sales Person" on the Contract does not reasonably "manifest an intention to be bound by those terms." *See Weichert Co. Realtors v. Ryan*, 128 N.J. 427, 435, 608 A.2d 280, 284 (1992).

Similarly, Plaintiffs' unjust enrichment claim fails as to Mr. Gumper because there is no factual allegation that he personally received a direct benefit, as opposed to his company, AGPS. *See Callano*, 91 N.J. Super. at 109-10, 219 A.2d at 335 (rejecting an unjust enrichment claim where a third party received a benefit, not the contracting party itself); *cf. Cooper v. Samsung Elecs. Am., Inc.*, No. 07-cv-03853, 2008 WL 4513924, at *10 (D.N.J. Sept. 30, 2008) (concluding that an indirect purchaser cannot bring an unjust enrichment claim). Plaintiffs' unjust enrichment claim is also duplicative of their contract-based claims because there exists an undisputed, valid contract. *See Sittol v. Avalonbay Cmtys., Inc.*, No. 25-cv-02124, 2025 WL 3041823, at *13-14 (D.N.J. Oct. 31, 2025) (recognizing that "unjust enrichment is not available when a valid contract exists" and only allowing an unjust enrichment claim to proceed where there was a dispute about the validity of the written contract).

## IV.    CONCLUSION

Because the Complaint does not plead facts supporting that Mr. Gumper is a party to the Contract,[1] and because he is not listed as a party on the Contract, the Motion is **GRANTED**, and Mr. Gumper is **DISMISSED WITHOUT PREJUDICE**.

## V.    ORDER

For the foregoing reasons and for good cause shown;

**IT IS** on this __15__ day of April, 2026, hereby,

**ORDERED** that Defendants' Motion to Dismiss, ECF No. 10, is **GRANTED**; and it is further

**ORDERED** that the Complaint is **DISMISSED WITHOUT PREJUDICE** as to Defendant Andrew Gumper.

WILLIAM J. MARTINI, U.S.D.J.

---

[1] Plaintiffs' statement that they "will seek leave to Amend their Complaint to include theft and fraud" is not properly before the Court, so the Court does not address it. *See* Opp'n 2.